IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **VIRGIL ROY RUSSELL,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:19-cv-00057-O-BP |
| § | |
| **ANDREW M. SAUL,** Commissioner of § | |
| Social Security Administration, § | |
| § | |
| Defendant. § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On July 24, 2020, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation (the "FCR") in this case. FCR, ECF No. 18. The FCR recommended that the Court affirm the decision of the Commissioner of the Social Security Administration (the "Commissioner"), which concluded that Plaintiff Virgil Russell ("Russell") is not disabled as defined by the Social Security Act. *Id.* at 1 (citing Admin. R. 25, ECF No. 12-1). Russell filed an Objection to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge on August 3, 2020. Pl.'s Obj., ECF No. 19.

The Court has conducted a de novo review of the FCR. For the following reasons, Plaintiff's Objection is **OVERRULED**, and the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR. The Court **AFFIRMS** the Commissioner's decision.

### I.    FACTUAL BACKGROUND

Russell was born on September 3, 1968, has at least a high school education, and can communicate in English. Admin. R. 23, ECF No. 12-1. In the past, he has worked as a truck driver, dispatcher, water truck driver, material handler, and cement supervisor. *Id.* On November 28, 2016, Russell filed applications for a period of disability, DIB, and SSI, alleging that his disability began on

1

July 30, 2015. *Id.* at 11. The Social Security Administration denied the claim initially and upon reconsideration. *Id.* Russell's requested a hearing, and on May 22, 2018, the video hearing was held before Administrative Law Judge ("ALJ") Sylke Merchan. *Id.* at 25. The ALJ issued a decision on August 23, 2018, finding that Russell was not disabled. *Id.*

The ALJ's decision applied the statutory five-step analysis. Admin. R. 13, ECF No. 12-1. Specifically, the ALJ found that (1) Russell had not engaged in gainful activity since November 22, 2015, the alleged onset date; (2) Russell had severe impairments of obesity, status post quadruple cardiac artery graft bypass, coronary artery disease, rheumatoid arthritis, depression, anxiety, and chronic obstructive pulmonary disease ("COPD"); (3) Russell's impairment did not meet or equal in combination one of the impairments listed in 20 C.F.R. pt. 404(p); (4) Russell had the residual functional capacity ("RFC") to perform light work with several identified abilities and limitations, so Russell was unable to perform his past relevant work; and (5) Russell could perform a significant number of jobs in the national economy. *Id.* at 13–14, 17, 23.

The Appeals Court denied review, and the Magistrate Judge reviewed the Commissioner's final decision that Russell is no longer disabled. FCR 1, ECF 2–3. The FCR and Plaintiff's Objections are ripe for the Court's review.

## II.   LEGAL STANDARD

On review of the Commissioner's denial of benefits, a court is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied the proper legal standards when evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as more than a scintilla and less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The Commissioner, not the court, has the duty to weigh the evidence, resolve

material conflicts in the evidence, and make credibility choices. *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991). So, when applying the substantial evidence standard, the reviewing court does not weigh the evidence, retry the issues, or substitute its own judgment; rather, the court scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. A finding of no substantial evidence is appropriate only if there is a "conspicuous absence of credible choices" or "no contrary medical evidence" to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988) (internal citation omitted).

The Social Security Administration uses a five-step process to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps are followed in order, and if at any step the Commissioner determines that the claimant is not disabled, the evaluation need not go on to the next step. *Id.* The five steps consider: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant's impairments are medically severe; (3) whether the claimant's medical impairment or combination of impairments meets or medically equals the criteria listed in the Listing of Impairments; (4) whether the RFC precludes the claimant from performing his past relevant work; and (5) whether the combination of the claimant's RFC, age, education, and work experience allow for adjustments to be made to permit the claimant to work. *Id.* If the impairment is severe but does not meet or equal a listed mental impairment, then the Commissioner must conduct an RFC assessment. *Id.* § 404.1520a(d)(3).

### III.   ANALYSIS OF OBJECTIONS

Russell objects to the FCR, maintaining that "the decision of the Commissioner is not supported by substantial evidence." Pl.'s Obj. 3, ECF No. 19. Russell presents two arguments in support. First, the AJL erred in failing to account for any limitation resulting from Russell's recognized severe COPD. Pl.'s Obj. 1, ECF No. 19. Second, the ALJ failed to properly evaluate and

provide good cause for discounting the opinion of treating physician Dr. Chirackal that Russell would be unable to focus on a job due to depression. Pl.'s Obj. 6, ECF No. 19.

### A. Residual Functional Capacity

First, Russell argues that "[d]espite finding Russell's COPD met the criteria of 20 C.F.R. §§ 404.1520(c), 416.920(c) and therefore was a severe impairment that limited Russell's ability to perform basic work activities, the ALJ did not account for any limitation resulting from the COPD in his RFC finding[.]" Pl.'s Obj. 2, ECF No. 19. He contends that "the ALJ's own findings contradict [a harmless error] conclusion" and that "such an inconsistency warrants remand." *Id.* (quoting *Walker v. Colvin*, 2015 WL 5836263 at *15 (N.D. Tex. 2015)) (internal quotations omitted).

The determination that a claimant has a severe impairment is "not a sufficient condition for receiving benefits," but "means only that the claimant has passed the second step" of the analysis. *Shipley v. Sec'y of Health & Human Servs.*, 812 F.2d 934, 935 (5th Cir. 1987). A claimant's RFC is assessed to determine the work a claimant can still do, despite his present limitations. *Winston v. Berryhill*, No. 3:16-CV-419-BH, 2017 WL 1196861, at *12 (N.D. Tex. Mar. 31, 2017), *aff'd*, 755 F. App'x 395 (5th Cir. 2018) (citing *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001) (per curiam)). "[T]he consideration of whether a claimant's impairments are severe at step two is a different inquiry than an ALJ's assessment of the claimant's RFC." *Id.* at *13; *see Walker v. Colvin*, No. 3:14-CV-1498-BH, 2015 WL 5836263, at *15 (N.D. Tex., 2015) (finding remand appropriate only when the ALJ "*did not include any limitations*" in the RFC despite a contradictory finding of severe impairments at step 2). And a finding of "a combination of impairments that is severe" is not inconsistent with the determination that the claimant nonetheless has the RFC to perform past relevant work. *Boyd v. Apfel*, 239 F.3d 698, 706 (5th Cir. 2001). On review of the Commissioner's decisions, the Court is limited to determining whether the Commissioner applied the correct legal standards and whether there is substantial evidence to support the decision. *Greenspan*, 38 F.3d at 236.

At the statutory fourth step, "[a]fter careful consideration of the entire record," the ALJ concluded that Russell had the RFC "to perform light work" with several limitations. Admin. R. 21, ECF No. 12-1. The ALJ "considered all symptoms and the extent to which th[ose] symptoms c[ould] reasonably be accepted as consistent with the objective medical evidence and other evidence[.]" Specifically, the ALJ compared Russell's own impressions with the evidence in the record, including the testimonies of several medical experts, to which he assigned varying degrees of weight. *See id.* at 21–26. Ultimately, the ALJ concluded that "the objective medical evidence of record demonstrates that the combined effects of the claimant's physical and mental impairments limit him to performing a reduced range of unskilled light work activity." *Id.* at 26–27.

The Court concludes that the ALJ's RFC assessment is supported by substantial evidence in the record. The ALJ considered the entire record and all evidence—including all impairments, both severe and non-severe—and determined that none of the impairments, alone or in combination, satisfied the disability requirement. *See generally* Admin. R. 21–27, ECF No. 12-1. Russell focuses on the ALJ's lack of explicit reference to specific limitations the ALJ concluded were severe. *See* Pl.'s Obj. 3, ECF No. 19. An ALJ need not always do an "exhaustive point-by-point discussion" to support a conclusion. *Aulder v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). Thus, the Court finds that the ALJ's stated review of the entire record, along with her accompanying factual recitation and legal analysis, is sufficient to support the Commissioner's conclusion regarding Russell's RFC. Accordingly, Russell's first objection is **OVERRULED**.

### B. Dr. Chirackal's Opinion

Second, Russell argues that the ALJ did not properly evaluate or provide a good cause explanation for discounting treating physician Robin Chirackal, M.D.'s opinion that Russell would be unable to focus on a job. Pl.'s Obj. 6–8, ECF No. 19. This argument lacks merit, and the Magistrate

Judge was correct to conclude that the ALJ properly evaluated, considered, and presented good cause for discounting Dr. Chirackal's May 8, 2018, opinion. *See* FCR 10–11, ECF No. 19.

Federal regulations expressly require ALJs to evaluate "every medical opinion" of record. 20 C.F.R. §§ 404.1527, 416.927. But the ALJ does not need to specifically cite each piece of medical evidence that he considered. *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005). An ALJ should give a treating physician's opinion "great weight" in determining disability, but if good cause is shown, the ALJ may give the opinion little or no weight. *Rollins v. Astrue*, 464 F. App'x 353, 355 (5th Cir. 2012); *see Greenspan*, 38 F.3d 232, 237 (recognizing good cause exceptions include "statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence"). The Social Security Administration states that it "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's medical opinion." 20 C.F.R. § 404.1527(c)(2).

Here, the ALJ carefully considered Dr. Chirackal's opinion and assigned it little weight because (i) it was inconsistent with Dr. Chirackal's own treating notes and statements and (ii) the proposed limitations were inconsistent with the activities that Russell reported that he could do. Admin. R. 22, ECF No. 12-1. Specifically, the ALJ noted that Dr. Chirackal's opinion that Russell seldom experienced pain severe enough to interfere with his ability to concentrate was inconsistent with Dr. Chirackal's own statement that Russell would have difficulty focusing on a job. *Id.* The ALJ also highlighted the inconsistency between Dr. Chirackal's opinion—that Russell could sit for two hours and stand or walk for less than two hours in an eight-hour workday, could occasionally lift less than ten pounds, and has difficulty focusing on a job—and Dr. Chirackal's limited treatment notes regarding his gait, heart rate and rhythm, breath sounds, and straight leg raise tests. *Id.* The ALJ also found that Dr. Chirackal's proposed limitations were inconsistent with the activities Russell reported he could do, including washing dishes, doing laundry, doing household repairs, mowing grass with a

riding mower, and being able to pass a medical exam for his Commercial Driver's License. *Id.* Accordingly, the ALJ demonstrated good cause for giving little weight to Dr. Chirackal's opinions, and substantial evidence supported her analysis.

Russell argues that "the ALJ did not … consider the consistency of Dr. Chirackal's opinion with the impact of Russell's psychological condition" which amounted to a "fail[ure] to perform a proper evaluation." Pl.'s Obj. 6, ECF No. 19. But Dr. Chirackal made no indication that the opinion is based *solely* on Russell's depression or psychological condition; in fact, Dr. Chirackal's own treatment notes support the opposite conclusion—that he considered limitations resulting from *both* physical and mental. Admin. R. 800, ECF No. 12-1. Dr. Chirackal was asked in the report how often Russell's experience of pain *or other symptoms* is severe enough to interfere with attention and concentration—Dr. Chirackal answered, "Seldom." *Id.*

When considering this information together, there was substantial evidence to support the ALJ's evaluation of Dr. Chirackal's opinion and finding of good cause to give the opinion little weight. Accordingly, Russell's second objection is **OVERRULED**.

IV.   **CONCLUSION**

Having conducted a de novo review of the FCR and Russell's Objections, the Court **OVERRULES** each of Russell's Objections and **ADOPTS** the reasoning in the Magistrate Judge's FCR. Accordingly, the Court **AFFIRMS** the Commissioner's decision that Russell is not disabled as defined by the Social Security Act.

**SO ORDERED** on this **17th day of August, 2020.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**